**STATE of Maine**

v.

**Kevin CZECHALSKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1991.

Decided Sept. 25, 1991.

Janet Mills, Dist. Atty., Kevin Regan, Asst. Dist. Atty., Auburn, for State.

David Grund, Berman, Simmons & Goldberg, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Kevin Czechalski appeals the denial in the Superior Court (Androscoggin County, *Delahanty, C.J.*) of his request for return of cash bail following the dismissal of an indictment against him. Czechalski requested the return of his cash bail on the basis that it belonged to his mother and not to him. He states that although in depositing bail he did not indicate the name of another person to whom the cash bail belonged, he put the court on notice that the money posted as cash bail did not belong to him because he listed his assets as zero. He argues the court should not have deemed the cash bail to belong to him and should not have subjected it to the setoff provisions of 15 M.R.S.A. § 1074(3)(C).

15 M.R.S.A. § 1074(1) clearly requires designation under oath, at the time bail is deposited, of "another person to whom the cash belongs." Otherwise, the cash "shall be deemed the property of the defendant." *Id.* Because Czechalski failed to designate another person as the owner of the cash, the court properly determined that it was his property and was subject to setoff pursuant to section 1074(3). Accordingly, the court did not abuse its discretion in ordering it applied to attorney fees paid on his behalf. *See* 15 M.R.S.A. §§ 1074(1), 1074(3)(C) (Supp. 1990).

The entry is:

Judgment affirmed.

All concurring.